# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**LUIS ALBERTO RODRIGUEZ, ELIECER PINEDA TORRES, CARLOS ERICK BENITEZ ESTUPINAN, and ANTHONY ROMMEL CUERO GARCIA,**<br><br>**Defendants.**<br>_____ | **1:21-cr-00015-WAL-EAH** |

**TO:**   Melissa P. Ortiz, Esq., AUSA
       Evan Rikhye, Esq., AUSA
       Anthony R. Kiture, Esq.
           *On behalf of Defendant Luis Alberto Rodriguez*
       Giovanni J. Canino, Esq.
           *On behalf of Defendant Eliecer Pineda Torres*
       Robert Millan, Esq.
           *On behalf of Defendant Carlos Erick Benitez Estupinan*
       Gabriel J. Villegas, Esq., AFPD
           *On behalf of Defendant Anthony Rommel Cuero Garcia*

## ORDER GRANTING MOTION TO CONTINUE JURY TRIAL

**THIS MATTER** is before the Court upon Government's unopposed Motion to Continue Jury Trial (Dkt. No. 61).

Trial in the above-captioned matter is set for August 15, 2022.[1] The Government now moves to continue the trial to a date after September 2022. The Government cites that discovery was recently supplemented on July 19, 2022; additional discovery will need to be provided; and the parties are in the process of plea negotiations. The defendants were

---

[1] This Court has already continued Trial once upon the Government's motion. Dkt. No. 51. Trial was originally set for April 25, 2022.

*United States v. Rodriguez et al.*
1:21-cr-00015-WAL-EAH
Order Granting Motion to Continue Jury Trial
Page 2

arraigned on July 25, 2022. The Government further represents that no defendant opposes the instant motion.

The Government states that it seeks a continuance of the jury trial because discovery "was supplemented recently on July 19, 2022 with the laboratory report on the drug testing, however, the chemist's credentials and laboratory case notes now need to be obtained and sent to defense, and the parties are in the process of plea negotiations given the recently produced drug test results." Mot. at 1. The Government also states, in support of its motion, that the parties are pursuing plea negotiations, and that no defendant opposes the motion to continue the jury trial. *Id*.

In addressing a motion of this kind, the Court is bound by the mandates of the Speedy Trial Act of 1974. *See* 18 U.S.C. § 3161, et. seq. However, it is not without remedy to continue a trial beyond the speedy trial deadline if it serves the ends of justice. To that end, while the Speedy Trial Act of 1974 requires that a defendant be tried "within seventy days from the filing date (and making public) of the information or indictment," 18 U.S.C. § 3161(c)(1) (2008), a Court may extend this period if circumstances establish that a continuance would serve the ends of justice. 18 U.S.C. §3161(h)(7)(A) (2008).

Consistent with this concern, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an ends of justice continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F. 3d 439, 444 (3d Cir. 1994) (citing *United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends

*United States v. Rodriguez et al.*
1:21-cr-00015-WAL-EAH
Order Granting Motion to Continue Jury Trial
Page 3

of justice continuance may be justified on grounds that one side needs more time to prepare for trial . . . even though a case is not complex")); *see also United States v. Brooks*, 697 F. 2d 517, 522 (3d Cir. 1982), *cert. denied*, 460 U.S. 1072 (1983) (no abuse of discretion where district court found that multiple count, multiple defendant "case was complex and required additional time for adequate preparation"); *United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("district court did not abuse its discretion [by delaying trial] to give counsel . . . opportunity to decid[e] upon and prepar[e] an appropriate defense").

In the instant matter, the Government has acknowledged that it only recently provided the Defendants with the laboratory report on the drug test results of a key piece of evidence that is at issue. The Government further acknowledges that it still needs time to provide the Defendants with the chemist's credentials and laboratory cases notes which they still need to obtain. *See* Mot. at 1. The Defendants will all need sufficient time to review the discovery they have received and could be disadvantaged if they were to go to trial without receiving all the discovery. Further, permitting this case to go to trial under these circumstances would not serve judicial economy and would only serve to waste judicial resources. Finally, as the Government notes, its motion to continue the jury trial is unopposed. Considering all of this, the Court specifically finds that granting the Government's unopposed motion and continuing the trial date would serve the ends of justice. 18 U.S.C. § 3161(h)(7)(A).

*United States v. Rodriguez et al.*
1:21-cr-00015-WAL-EAH
Order Granting Motion to Continue Jury Trial
Page 4

Accordingly, the premises considered, and the Court otherwise being duly advised, it is now hereby **ORDERED:**

1. Government's Unopposed Motion to Continue Jury Trial (Dkt. No. 61) is **GRANTED**.

2. The jury trial in the above-captioned matter, set for August 15, 2022, is **CONTINUED** to **September 12, 2022** and the time beginning from the date of this order granting an extension through the date of jury selection shall be excluded in computing the time within which a trial must be initiated pursuant to 18 U.S.C. § 3161.

ENTER:

Dated: August 4, 2022

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE